**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-1881**

———————————

JIMMY GIBSON, SR.; JIMMY GIBSON, JR.; HOWARD H. PIERCE; RANDY
CLARK; TERRY WHITE; ERTLE P. MOORE,

                Plaintiffs - Appellants,

     v.

FLUOR DANIEL SERVICES CORPORATION,

                Defendant - Appellee,

     and

FLUOR ENTERPRISES, INC., d/b/a Fluor Facility and Plant
Services, Incorporated; FLUOR CONSTRUCTORS INTERNATIONAL,
INCORPORATED; FLUOR DANIEL ILLINOIS, INCORPORATED; FLUOR
FEDERAL SERVICES, INCORPORATED; FLUOR INDUSTRIAL SERVICES,
INCORPORATED; FLUOR NE, INCORPORATED; FLUOR MAINTENANCE
SERVICES, INCORPORATED,

                Defendants.

———————————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Sr.,
Senior District Judge.  (1:05-cv-00525-WLO)

———————————

Argued:  May 13, 2008           Decided:  June 11, 2008

———————————

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

**ARGUED:** Geraldine Sumter, FERGUSON, STEIN, CHAMBERS, GRESHAM & SUMTER, PA, Charlotte, North Carolina, for Appellants. John Doughty Cole, Sr., OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Nicholas J. Sanservino, Jr., OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Six Native Americans bring this employment discrimination suit against Fluor Daniel Services Corporation ("Fluor"). The district court granted summary judgment to Fluor; we affirm.

I.

Jimmy Gibson, Sr., Jimmy Gibson, Jr., Howard H. Pierce, Randy Clark, Terry White, and Ertle P. Moore (collectively "the employees") filed this action against Fluor. All of the employees, except Gibson, Jr., who complains of Fluor's failure to hire him, worked for Fluor at the Duke Power Belews Creek between mid-2002 and early 2003; most were discharged by Fluor after violating company rules. Nevertheless, the employees allege that they were subjected to a hostile work environment, unlawfully terminated, refused promotion, refused hiring, and retaliated against in violation of 42 U.S.C. § 1981 (2000) and suffered, at Fluor's hands, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent hiring or supervision, and wrongful discharge in violation of state law. After completion of discovery, the magistrate judge issued a thorough opinion, recommending that the district court grant Fluor's motion for summary judgment with respect to all claims. The district court adopted the magistrate judge's recommendation in its entirety, and the employees now appeal.

II.

After careful review of the magistrate judge's recommendation, the extensive record, and the parties' excellent briefs and oral arguments, we can only conclude that the district court properly granted summary judgment to Fluor. For the most part, we agree with the rationale set forth by the magistrate judge, and with the few exceptions noted within, adopt it as our own.[1]

A.

The employees allege that Fluor subjected them to a hostile work environment. To prevail on such a claim, they must proffer evidence that they suffered harassment that was "(1) unwelcome; (2) based on race; and (3) sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere." Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001).

The employees point to the presence of ugly racist graffiti in the many port-o-johns surrounding the large construction site in which they worked and the use of racially offensive derogatory remarks on site. They complain that the magistrate judge erred in

---

[1]The magistrate judge characterized several of the employees' contentions as vague, conclusory, and unsubstantiated. Of course, unsupported speculation will not defeat evidence proffered in support of a summary judgment motion. See Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 308 (4th Cir. 2006). But allegations of specific factual contentions, even if lacking exact dates or details, differ from conclusory allegations. On review, we give the employees the benefit of all factual allegations, unless Fluor offered contrary evidence that the employees failed to challenge.

4

evaluating the graffiti separately from their evidence as to the general abusive workplace atmosphere. However, after evaluating the graffiti together with the other evidence the employees offer of a hostile work environment, we believe that the magistrate judge nonetheless reached the correct conclusion. The alleged conduct was not "sufficiently severe or pervasive to alter the conditions of employment" or "create an abusive atmosphere." Id.

B.

The employees also challenge several adverse employment actions.

The majority of the employees assert that Fluor discharged them for discriminatory reasons. A plaintiff can establish such a claim in two ways.

First, under Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003), an employee can offer sufficient direct or circumstantial evidence of impermissible racial motives for the discharge. In this case, however, as the magistrate judge explained, the employees have failed to offer such evidence, and the record offers well-substantiated alternate grounds for their discharge, e.g., Fluor concluded that Gibson, Sr., threatened a supervisor with a welding lead, that Pierce overturned a truck, that Clark worked within six feet of the edge of an elevated platform without a safety harness, and that White fought with a co-worker.

5

Alternatively, a plaintiff can demonstrate discriminatory discharge by offering evidence from which a factfinder could conclude, <u>inter alia</u>, that (1) the prohibited conduct in which he engaged was comparable in seriousness to misconduct of employees outside the protected class; and (2) he suffered more severe discipline for their misconduct than the comparable employees outside the protected class. <u>Taylor v. Va. Union Univ.</u>, 193 F.3d 219, 234 (4th Cir. 1999) (<u>en banc</u>). This the employees have also failed to do. The employees consistently complain that they did not engage in the misconduct for which they were discharged and that the relevant Fluor official, Paul Burgess,[2] erred in finding that they did engage in this misconduct. But "[a]n employer who fires an employee under the mistaken but honest impression that the employee violated a work rule is not liable for discriminatory conduct." <u>Damon v. Fleming Supermarkets</u>, 196 F.3d 1354, 1363 n.3 (11th Cir. 1999); <u>see also</u> <u>Holland v. Washington Homes, Inc.</u>, 487 F.3d 208, 220 (4th Cir. 2007). Nothing in the record supports the view that Burgess, even if incorrect, did not honestly believe that the employees engaged in the misconduct in question. Thus, the discharge claims fail.

---

[2]Fluor asserts that Paul Burgess did not know that the employees were Native Americans and so could not have discriminated against them on this basis. The employees have offered some evidence to the contrary. Accordingly, we do not in any way rely on Burgess's asserted lack of knowledge with regard to this matter.

The employees also protest two other kinds of employment actions -- failure to promote and failure to hire. Gibson, Sr., Pierce, and White allege that Fluor discriminated against them when it refused to promote them under circumstances giving rise to an inference of unlawful discrimination; Gibson, Jr., asserts Fluor similarly discriminated in refusing to hire him. See Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 189 (4th Cir. 2004). We agree with the magistrate judge that Gibson, Sr., Pierce, and White failed to offer evidence from which a jury could infer unlawful discrimination and that Gibson, Jr., failed to offer any evidence supporting an inference that Fluor did not hire him because of unlawful discrimination. Summary judgment on these claims was also proper.

C.

Finally, the employees allege that Fluor unlawfully retaliated against them. To make out a prima face case of retaliation, a plaintiff must demonstrate: (1) he engaged in protected activity; (2) the employer took an adverse action against him; and (3) a causal relationship exists between the protected activity and the employer's adverse actions. See Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). If a plaintiff makes this showing, an employer can offer a nonretaliatory reason for the employment action, which the plaintiff must demonstrate is pretextual in order to prevail. Id.

Unquestionably, Fluor took adverse employment actions against the employees. Moreover, although it is a close question, we believe that the employees have proffered sufficient evidence from which a jury could conclude that they engaged in protected activity -- namely, complaints about the port-o-johns and racist language and treatment in the workplace. But the employees have offered no evidence that a causal nexus existed between any adverse employment action and the protected activity. Moreover, Fluor offered nondiscriminatory reasons for the employment actions, which the employees failed to rebut. Thus, the district court also properly granted summary judgment on these claims.[3]

## III.

For all of these reasons, the judgment of the district court is

AFFIRMED.

---

[3]For the reasons stated by the magistrate judge, the employees' state law claims fail as well.